UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KALA B. WHITE,

        Petitioner,

                                              File No. 2:05-cv-241

v.

                                              HON. ROBERT HOLMES BELL

TIM LUOMA,

        Respondent.
                                       /

**MEMORANDUM OPINION AND ORDER
<u>ADOPTING THE REPORT AND RECOMMENDATION</u>**

        This matter is before the Court on a habeas corpus petition filed by Petitioner Kala B. White pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On November 10, 2008, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the Court deny the petition. (Dkt. No. 74.) Petitioner filed objections to the R&R on November 18, 2008. (Dkt. No. 75.) For the reasons that follow, Petitioner's objections are denied and the R&R is adopted as the opinion of the Court.

        This Court makes a *de novo* determination of those dispositions of an R&R to which proper objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner first objects to the Magistrate Judge's determination that Petitioner's Fourth Amendment claim is barred because the State provided Petitioner with an "opportunity for full and fair litigation" of that claim. *Stone v. Powell*, 428 U.S. 465 (1977). Petitioner claims that the Michigan Court of Appeals "failed to consider any of the controlling case law cited in the Petitioner's brief and thereby completely ignored the primary aspect of the argument presented." (Dkt. No. 75, Obj. to R&R 2.) In his petition, Petitioner relies on *Agee v. White*, 809 F.2d 1487 (11th Cir. 1987), in which the Eleventh Circuit found that the rule in *Stone* did not apply where the state appellate court ruled on the admissibility of one statement, but did not consider the admissibility of another statement, even though the petitioner had raised the issue. *Id.* at 1490. *Agee* is not controlling on this Court, and it is distinguishable from the instant case. Petitioner does not contend that the Michigan Court of Appeals ignored Petitioner's claims regarding the admissibility of any particular evidence; indeed, the opinion of the Michigan Court of Appeals indicates that Petitioner's Fourth Amendment claim was fully reviewed. Rather, Petitioner contends that the state appellate court did not consider the case law cited in his brief. However, a court does not need to cite in its opinion every case raised by the petitioner to bar federal court review of the Fourth Amendment claim under *Stone*. The Sixth Circuit instructs that Petitioner must show, in part, that "presentation of [his] claim was in fact frustrated . . . ." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 2002). In particular, *Riley* indicates that the state court "need do no more than 'take cognizance of the constitutional claim and rule in light thereof.'" *Id.* at 525 (citing *Moore v. Cowan*, 560 F.2d

2

1298, 1302 (6th Cir. 1977)). In *Moore*, the Sixth Circuit determined that *Stone* applied where the state appellate court had ruled on the petitioner's claim by stating, "Any other errors of which the appellants complain are harmless beyond a reasonable doubt." *Moore*, 560 F.2d at 1302. The Court notes that Petitioner has not shown, as was the case in *Riley*, that "the unanticipated and unforeseeable application of a procedural rule [prevented] state court consideration of the merits of the claim." *Riley*, 674 F.2d at 527. *See Slaughter v. Hesson*, No. 90-6242, 1991 WL 46499, at *1 (6th Cir. Apr. 4, 1991) (upholding a finding that review of a Fourth Amendment claim was barred by *Stone* and noting that "[t]his is not a situation where the state courts have refused to take cognizance of the petitioner's fourth amendment claim because of a procedural rule or otherwise"). For the foregoing reasons, in addition to those stated in the R&R, Petitioner has not established that he did not receive an opportunity for full and fair litigation of his Fourth Amendment claims.

Petitioner's second objection is that the R&R "failed to show how the collaborative efforts of Mr. Pitts' corruption and Judge Cox's misconduct did not serve as the primary catalyst that led to the ultimate actual and constructive denial of effective assistance of counsel." (Obj. to R&R 4.) Petitioner's objection assumes that he was denied effective assistance of counsel. Vague and conclusory objections to a report and recommendation do not merit review under Fed. R. Civ. P. 72(b). *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Next, Petitioner objects to the determination of the R&R that Petitioner was not denied effective assistance of counsel when the trial court denied his request to substitute his court-appointed standby counsel, Mr. Winters, and allowed Petitioner to proceed *pro se*. The trial court, the Michigan Court of Appeals, and the R&R each determined that Petitioner voluntarily, knowingly and intelligently elected to conduct his own defense. Petitioner claims that he chose to represent himself because he did not want Mr. Winters to take control of his defense, claiming that Mr. Winters wanted to pursue a defense that Petitioner disagreed with. (Obj. to R&R 7.) In his petition, Petitioner indicates that he invoked his right to self-representation after objecting to his first court-appointed attorney, Mr. Pitts, but contends that he was not certain that the trial court judge would appoint an adequate replacement attorney, and that his "plan was to terminate his self-representation right and thereby allow the assigned attorney to take over as soon as he gained certainty as to the newly appointed lawyer's adequacy." (Dkt. No. 1, Pet. 99.) These contentions do not undermine the finding of the trial court that Petitioner made a valid decision to represent himself. As noted in the R&R, the trial court repeatedly reminded Petitioner of his right to appointment of counsel, and Petitioner repeatedly affirmed his intention to represent himself. Petitioner contends that the trial judge had "an obligation to assign counsel who was willing to present an effective defense . . . ." (Obj. to R&R 7.) However, the Court is not aware of any precedent requiring

a court to guarantee effective standby counsel for a defendant that has validly invoked his right to self-representation. *See Holmes v. United States*, 281 F. App'x 475, 480-81 (6th Cir. 2008) ("Because [petitioner] validly waived his right to counsel, his claim for ineffective assistance at sentencing fails. . . . Even if standby counsel failed to act in some manner, such failure is an incidental effect of [petitioner's] decision to assert his *Faretta* rights, and not the basis of an ineffective assistance of counsel claim."). Petitioner does not contend that he ever revoked his decision to represent himself. The Court agrees with the determination of the R&R that Petitioner has failed to establish that the decision of the state court to allow him to proceed *pro se* and to deny his motion to substitute his standby counsel, Mr. Winters, was "either an unreasonable application of clearly established Supreme Court precedent or contrary to that precedent, or resulted from an unreasonable interpretation of the evidence presented to the state courts." *Filiaggi v. Bagley*, 445 F.3d 851, 855 (6th Cir. 2006).

Finally, Petitioner objects to the review conducted by the Magistrate Judge, contending that the Magistrate Judge is not in possession of the entire transcript of the state court proceedings. However, Petitioner does not indicate what portions are missing, or more importantly, what relevant portions the Magistrate Judge should have considered. *See Slater*, 28 F. App'x at 513; *Miller*, 50 F.3d at 380 ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Accordingly,

5

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation (Dkt. No. 75) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of November 10, 2008 (Dkt. No. 74) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** with respect to all issues raised in the petition. *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: March 10, 2009                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE